# In the United States Bankruptcy Court
# for the
# Southern District of Georgia
## Savannah Division

In the matter of:

SANDRA G. BALDWIN
(Chapter 7 Case Number 02-43147)

*Debtor*

WILEY A. WASDEN, III,
Chapter 7 Trustee

*Plaintiff*

v.

BYRON BALDWIN
a/k/a Brian Baldwin

*Defendant*

Adversary Proceeding

Number 04-4074

FILED
at 2 O'clock & 53 min P M
Date 11-22-04
MICHAEL F. McHUGH, CLERK
United States Bankruptcy Court
Savannah, Georgia PCB

**MEMORANDUM AND ORDER**

Debtor filed an individual petition for Chapter 7 bankruptcy protection on September 27, 2002. In her Schedules, Debtor listed a joint interest in real property in Freeport, Florida, valued at $197,000.00 with a debt of $119,000.00. Debtor's ex-husband, Byron Baldwin has been identified as the joint owner in the property. Although the record is not clear as to whether Mr. Baldwin resides in the home, he has continued to pay the mortgage on the property and has personalty in the home. On June 24, 2004, the duly

AO 72A
(Rev. 8/82)



appointed Chapter 7 Trustee filed a motion to sell the property for $175,000.00. The Trustee filed an adversary proceeding against Mr. Baldwin seeking authority to sell the property under 11 U.S.C. § 363.

The Clerk issued a summons and notice to Mr. Baldwin requiring him to file an answer to the complaint and to appear at a Rule 16 pre-trial conference on August 25, 2004. On August 13, the Court received a letter from "Mrs. Beverly Carroll for Byron Baldwin" in which Mrs. Carroll requested an "extension of the aforementioned proceeding for my brother, Byron Baldwin, due to the fragile nature of his health." Although no formal answer had been filed by Mr. Baldwin *pro se* or by an attorney acting on his behalf, when the matter was called for a hearing on August 25, the Court made note of the communication from the Defendant's sister and in the interest of justice, ordered that a continued Rule 16 conference be scheduled with appropriate notice sent.

The continued pre-trial was scheduled for September 22, 2004, and notice of the same was duly served on the Defendant Mr. Baldwin and on Mrs. Carroll, his sister. On September 22 there was no appearance by or on behalf of Mr. Baldwin. Because there was no appearance at the continued hearing, the Trustee requested the Court enter a default against Mr. Baldwin. The Court directed that the Clerk enter a notice of default and directed the Trustee's attorney to submit an order giving the Trustee permission to sell the jointly owned property while preserving Mr. Baldwin's rights, if any, as a co-owner of the

property.[1]

The Trustee presented an order which the Court signed on September 22, 2004, and entered on September 30, 2004, approving the sale and preserving Mr. Baldwin's claim to part of the proceeds of the sale which the Trustee was to hold pending resolution of the adversary proceeding.

On October 1, 2004, the Court received a second letter from Mrs. Carroll on behalf of Mr. Baldwin raising certain objections to the procedures and rulings of the Court. The final sentence of the letter reads, "let this correspondence serve as an appeal of your September 22, 2004 ruling." The Clerk's office docketed the letter as an appeal, and on October 6, 2004, a Memorandum of Defective Notice of Appeal was sent to Mrs. Carroll for Mr. Baldwin at her address of record notifying her that she had not paid the filing fee as required and that the notice of appeal failed to conform to the appropriate Official Forms.[2]

---

[1] At the time of the hearing neither Debtor's counsel nor the Trustee were certain whether Mr. Baldwin is a record title owner or not and stated that they continued to rely on the Debtor's schedules which show such a joint interest. The Court is not called upon to determine as a final matter whether Defendant Mr. Baldwin is entitled to any of the proceeds.

[2] The Memorandum did not raise any issue of Mrs. Carroll's individual standing to pursue an appeal nor did it set forth any basis for accepting the appeal as timely filed in light of the fact that it is not filed by Mr. Baldwin *pro se* nor is it, as far as the record appears, filed by an attorney who is a member of the bar of this Court. These are matters that are best addressed by the district court on appeal. *See* Showtime v. Covered Bridge Condo. Ass'n, Inc., 895 F.2d 711, 713 (11th Cir. 1990)(when notice of appeal filed, jurisdiction over any matter involved in appeal is immediately transferred from lower court to appellate court).

On October 21, 2004, the Trustee filed this Motion for Bond Pending Appeal. The Trustee requests the Court enter an order requiring either Mrs. Carroll or Mr. Baldwin post a $175,000.00 bond pursuant to Federal Rule of Bankruptcy Procedure 8005. The Trustee asserts that the pending appeal delays the sale of the property and risks the withdrawal of the purchaser that he procured.

Although Mrs. Carroll filed correspondence that purported to serve as an appeal, she did not file a motion for a stay pending appeal. An appellant may seek a stay of the judgment during the pendency of an appeal under either Federal Rule of Bankruptcy Procedure 7062 or 8005. As one court noted, "[t]he Bankruptcy Code is explicit in pronouncing the need for a stay pending appeal when the sale of estate property is challenged." Prasil v. Dietz (In re Prasil), 215 B.R. 582, 584 (B.A.P. 8th Cir. 1998). Generally, an appellant does not need to seek a stay of a judgment to preserve its right to appeal, but the "consequence of failing to obtain a stay is that the prevailing party may treat the judgment of the [lower] court as final . . . " Sewanee Land, Coal & Cattle, Inc. v. Lamb (In re Sewanee Land, Coal & Cattle, Inc.), 735 F.2d 1294, 1295 (11th Cir. 1984)(citing American Grain Association v. Lee Vac, Ltd., 630 F.2d 245, 247 (5th Cir. 1980)).

Because Mrs. Carroll has not made a motion for a stay pending appeal, the Trustee is entitled to treat the September 22 Order authorizing him to sell the property as final and act in reliance on that Order. *See* In re Kahihikolo, 807 F.2d 1540, 1543 (11th Cir.

1987). At this time, the Trustee is able to pursue the sale of the real property and any good faith purchaser will be protected under 11 U.S.C. § 363(m).[3]

If Mr. Baldwin[4] makes a motion for a stay pending appeal at a later date, he must be prepared to either give a bond or satisfy the four factor test this Court adopted in In re Arnal, Ch. 13 Case No. 03-40429, 2003 WL. 22709326, at * 1 (Bankr. S.D. Ga. July 30, 2003)(Davis, J.). The test examines the following: 1) the likelihood the movant will prevail on the merits on appeal; 2) whether, absent a stay, the movant will suffer irreparable damage; 3) whether the adverse party will suffer no substantial harm from the issuance of the stay; and 4) whether the public interest will be served, rather than disserved by issuing the stay. Id.

ORDER

Because the Order of this Court granting the Trustee permission to sell the house is a final order that has not been stayed, the Trustee's Motion for Bond Pending

---

[3] 11 U.S.C. § 363(m) provides in relevant part:

The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

[4] The Court notes that Mrs. Carroll is not authorized to file documents as a representative of Mr. Baldwin. *See* Gonzales v. Wyatt, 157 F.3d 1016, 1021 (5th Cir. 1998)("[W]here the document is tendered and signed by a nonlawyer on behalf of another, then there comes into play the underlying principle itself, namely that in federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer."). *See also* Devine v. Indian River County Sch. Bd., 121 F.3d 576, 581 (11th Cir. 1997)(holding that 28 U.S.C. § 1654 authorizing parties to plead and conduct their own cases personally or by counsel does not permit parent to represent minor child in district court proceeding).

Appeal is DENIED as moot.

Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia

This 22nd day of November, 2004.

C: ~~Debtor~~
~~Debtor Atty~~
Plaintiff S. Baldwin
Plf Atty Bastien
Defendant Byron Baldwin (2)
~~Deft Atty~~
(11/22/04) Trustee Warden
U. S. Trustee James
Beverly Carroll
11/23/04 cc